Richard A. Clark
State Bar No. 39558
(rclark@pmcos.com)
Steven R. Platt
State Bar No. 245510
(splatt@pmcos.com)
PARKER, MILLIKEN, CLARK, O'HARA
& SAMUELIAN. P.C.
555 S. Flower Street, 30th Floor
Los Angeles, CA 90071
Telephone: (213) 683-6500
Facsimile:  (213) 683-6669

Joe G. Hollingsworth (*pro hac vice* application forthcoming)
(jhollingsworth@hollingsworthllp.com)
Katharine R. Latimer (*pro hac vice* application forthcoming)
(klatimer@hollingsworthllp.com)
Eric G. Lasker (*pro hac vice* application forthcoming)
(elasker@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  (202) 898-5800
Facsimile:  (202) 682-1639

Attorneys for Defendant
MONSANTO COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEWAYNE JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>MONSANTO COMPANY;<br>STEVEN D. GOULD;<br>WILBUR-ELLIS COMPANY LLC; and<br>WILBUR-ELLIS FEED, LLC,<br><br>    Defendants. | C.V. NO.: 3:16-cv-1244<br><br>**MONSANTO COMPANY'S NOTICE OF REMOVAL** |

MONSANTO COMPANY'S NOTICE OF REMOVAL

Defendant Monsanto Company ("Monsanto"), by filing this notice of removal and related papers, removes this action from the Superior Court of California, San Francisco County, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Monsanto's principal place of business is located at 800 North Lindbergh Boulevard, St. Louis, Missouri 63167. Plaintiff Dewayne Johnson resides in Vallejo, California. Complaint and Demand for Jury Trial ¶ 14, *Johnson v. Monsanto Co.*, Case No. CGC-16-550128 ("Compl.").

In support of removal, Monsanto states:

1. Plaintiff commenced this products liability action in the Superior Court of California, San Francisco County, on or about January 28, 2016, by filing a "Complaint for Damages and Demand for Jury Trial" ("Complaint"), captioned *Dewayne Johnson v. Monsanto Company, et al.*, Docket No. CGC-16-550128 (the "State Court Action"). A copy of all process, pleadings, and orders served on defendant in the State Court Action is attached as Exhibit 1.

2. Plaintiff alleges that he suffered injuries, including non-Hodgkin's lymphoma, as a result of exposure to Roundup®, a product manufactured by Monsanto. Compl. ¶¶ 74-75.

3. Roundup®'s active ingredient, glyphosate, is the most widely-used weed killer in the United States. Since its introduction in 1974, the U.S. Environmental Protection Agency ("EPA") repeatedly has concluded, including as recently as last year, that exposure to Roundup® does not cause cancer.

## GROUNDS FOR REMOVAL

4. As outlined in more detail below, this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(a)(1) (West 2015), which confers "original jurisdiction of all civil actions where the [amount] in controversy exceeds the sum or value of $75,000, exclusive of interest [or] costs, and is between . . . citizens of different [s]tates."

## THE AMOUNT IN CONTROVERSY
## REQUIREMENT IS SATISFIED

5. The Complaint seeks compensatory and punitive damages based on allegations that exposure to Monsanto products allegedly caused plaintiff to develop cancer, together with court costs, attorneys' fees, and all such other relief as the Court deems proper. *See* Compl. p.45 (Prayer for Relief). It is both facially and otherwise apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C.A. § 1332(a) (West 2015). In fact, other suits involving similar claims and alleging similar damages have been filed in other federal courts asserting original jurisdiction under § 1332(a).

## COMPLETE DIVERSITY EXISTS BETWEEN
## PLAINTIFF AND MONSANTO

6. Plaintiff Dewayne Johnson is a citizen of California, residing in Vallejo, California. *See* Compl. ¶¶ 14, 74.

7. Monsanto is, and has been at all relevant times, incorporated in the state of Delaware, with a principal place of business in the state of Missouri.

8. Thus, there is complete diversity between plaintiff and defendant Monsanto. As explained below, the remaining defendants have been fraudulently joined, and therefore their citizenship should be disregarded.

## STEVEN GOULD AND THE WILBUR-ELLIS DEFENDANTS ARE FRAUDULENTLY JOINED AND THEIR CITIZENSHIP SHOULD BE DISREGARDED

9. The doctrine of fraudulent joinder allows a court to disregard the citizenship of an in-state defendant for the purposes of diversity jurisdiction if "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

10. "[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Id.* at 1068 (internal quotations and citation omitted).

11. Here, defendants Steven D. Gould, Wilbur-Ellis Company LLC, and Wilbur-Ellis Feed, LLC are fraudulently joined both (1) because the complaint fails to adequately state a claim against them and (2) based on the facts set forth in the declarations that accompany this Notice of Removal and California substantive law.

12. Upon information and belief, defendant Wilbur-Ellis Company LLC is a California limited liability corporation, with a principal place of business in the state of California.

13. Upon information and belief, defendant Wilbur-Ellis Feed, LLC is a California limited liability corporation with a principal place of business in the state of California.

14. Upon information and belief, defendant Steven Gould is employed by Monsanto and is a citizen of California, residing in Riverside County, CA.

15. Plaintiff brings four causes of action against Steven Gould and the Wilbur-Ellis defendants, alleging strict liability design defect, strict liability failure to warn, negligence, and breach of implied warranty. Compl. ¶¶ 76-149. Plaintiff alleges that he was exposed to the glyphosate-containing products Roundup® and Ranger Pro® in Benicia, California (in Solano County) during the course of his employment with the Benicia Unified School District. Compl. ¶ 74.

16. This is a products liability action against defendant Monsanto. All of plaintiff's factual allegations concern alleged labeling and warning defects surrounding the use of Roundup®. *See* Compl. ¶¶ 20-70. Nowhere in plaintiff's 45-page complaint does he make any specific factual allegations of liability for the allegedly dangerous properties of Roundup® against Steven Gould or the Wilbur-Ellis defendants.

17. Federal courts have noted that the joinder of product sellers in products liability actions is a tactic that is frequently employed in an attempt to prevent federal jurisdiction. *See, e.g.*, *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005) (noting that this "common strategy" of joining non-diverse sellers often "can 'only be characterized as a sham, at the unfair expense not only of [the manufacturer-defendant] but of many individuals and small enterprises that are being unfairly dragged into court simply to prevent the adjudication of lawsuits against [the manufacturer-defendant], the real target, in a federal forum'" (citation omitted)).

18. Plaintiff's complaint does not contain sufficient material allegations against Steven Gould and the Wilbur-Ellis defendants to state a claim against them, including by failing to set forth any factual basis or non-conclusory allegations connecting these defendants to plaintiff's alleged product exposure and by failing to set forth any factual basis or non-conclusory allegations establishing that these defendants had knowledge of the alleged risk of cancer. *See, e.g, Shah v. Wyeth Pharm., Inc.*, No. 04-cv-08652, 2005 WL 6731641, at *3 (C.D. Cal. Jan.18, 2005) (finding that "allegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any 'particular or specific activity' on the part of each of the non-diverse defendants") (quoting *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 391-92 (5th Cir. 2000)); *Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants to be fraudulent joined where "no material allegations against [the in-state] defendants are made"); *TPS Utilicom Servs., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1103 (C.D. Cal. 2002) (finding fraudulent joinder and denying remand because plaintiff did not have a factual basis for asserting claims against the in-state defendants, and named them because they were the affiliates of the proper defendant who did business in the state).

19. Only 3 of the complaint's 161 paragraphs mention Steven Gould, and plaintiff merely asserts with no factual basis that he "engaged in the marketing, promotion

- 4 -

|   |   |
|---|---|
| 1 | and sale of these products, aware of their carcinogenic or potentially carcinogenic properties, but failed to inform any of his sales targets of such danger." Compl. ¶ 73; *see also id.* ¶¶ 12, 18. These conclusory allegations are insufficient to state a claim and are directly contradicted by the accompanying Declaration of Steven Gould. *See* Gould Decl. ¶¶ 5-9 (Exhibit 2); *see also, e.g.*, *Legg*, 428 F.3d at 1321-25 (fraudulent joinder established where product sales representative submitted declaration on having lack of knowledge of alleged association at the time of the alleged injury). |
| 20. | Only 5 of the complaint's 161 paragraphs mention the Wilbur-Ellis defendants, and plaintiff merely asserts that they had "superior knowledge compared to Roundup users and consumers, including regarding the carcinogenic properties of the product, yet failed to accompany its sales and/or marketing of Roundup with any warnings or precautions for that grave danger," and that Wilbur-Ellis was "one of the distributors providing Roundup and other glyphosate-containing products actually used by the Plaintiff." Compl. ¶¶ 71-72; *see also id.* ¶¶ 11, 16-17. These conclusory allegations are insufficient to state a claim and are directly contradicted by the accompanying Declaration of Scott M. Hushbeck, a Vice President of Wilbur-Ellis with responsibilities for oversight of Wilbur-Ellis' sales and marketing of glyphosate-containing products in California. *See* Hushbeck Decl. ¶¶ 2-7 (Exhibit 3); *see also, e.g.*, *Legg*, 428 F.3d at 1321. |
| 21. | Besides these conclusory allegations, plaintiff makes no attempt to distinguish or differentiate between the conduct of the defendants. *See Burns v. Medtronic, Inc.*, No. 2:13-CV-06093-SVW-EX, 2013 WL 5596122, at *1-2 (C.D. Cal. Oct. 8, 2013) (finding fraudulent joinder on the basis that "[b]esides the general use of the term 'Defendants' to encompass [the in state-defendant]," the only factual assertions made against the in-state defendant specifically were insufficient to establish a claim); *Bennett v. Allstate Ins. Co.*, 753 F. Supp. 299, 301 (N.D. Cal. 1990) (denying remand because, *inter alia*, the complaint made "no attempt to |

|   |   |   |
|---|---|---|
| 1 |  | differentiate between the conduct" of the defendants, and unrebutted evidence |
| 2 |  | showed that the in-state defendant did not participate in the activities that allegedly |
| 3 |  | gave rise to liability). |
| 4 | 22. | Indeed, besides pluralizing the word defendant, the claims sections of this |

22. Indeed, besides pluralizing the word defendant, the claims sections of this complaint are in all relevant respects identical to those of corresponding claims in complaints filed by the plaintiff's attorneys that name only Monsanto as a defendant. *See, e.g.,* Complaint ¶¶ 69-142, *Sheppard v. Monsanto Co.*, Case No. 1:16-cv-00043 JMS-RLP (D. Haw.) (Exhibit 4); *see also Beavers v. DePuy Orthopaedics, Inc.*, No. 1:11 DP 20275, 2012 WL 1945603, at *5 (N.D. Ohio May 30, 2012) (finding fraudulent joinder where "[p]laintiffs' allegations fail to distinguish between the [diverse] [d]efendants' allegedly wrongful acts and those of [the in-state defendant]").

23. In sum, plaintiff's Complaint contains no factual allegations sufficient to support his legal claims against Steven Gould or the Wilbur-Ellis defendants. Thus, Steven Gould and the Wilbur-Ellis defendants have been fraudulently joined, and their citizenship should be disregarded for diversity purposes. *See, e.g., Burns*, 2013 WL 5596122, at *2.

24. Even if plaintiff could cure his pleading defects, he has no factual basis for a claim against Steven Gould or the Wilbur-Ellis defendants. These accompanying declarations demonstrate that plaintiff cannot maintain a claim against them, and that they have been named solely for purposes of defeating diversity jurisdiction.

25. As the accompanying declarations establish, neither Steven Gould nor the Wilbur-Ellis defendants have sold any glyphosate-containing products to the Benecia Unified School District, where plaintiff alleges he was exposed. *See* Gould Decl. ¶ 5; Hushbeck Decl. ¶¶ 5-6; Compl. ¶ 74.

26. Without some basis in fact for their allegation that the in-state defendants sold the glyphosate-containing products to which plaintiff was allegedly exposed, plaintiff cannot establish a causal connection between these defendants and plaintiff's

- 6 -
MONSANTO COMPANY'S NOTICE OF REMOVAL

1     injuries, and no claim against them can be maintained.  *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1182-83 (D. Or. 2001) (denying remand where in-state defendant's declaration precluded a causal connection with the alleged harm, and plaintiff presented no evidence to rebut defendants' showing); *York v. Riddell, Inc.*, No. 15-cv-02015, 2016 WL 738419, at *4-6 (C.D. Cal. Feb. 23, 2016) (denying remand based on defendants' unrebutted declaration presenting facts that precluded liability against the in-state defendant).

27.   Plaintiff also cannot defeat fraudulent joinder by asserting that future discovery may reveal a factual basis for his claims. *E.g., DaCosta*, 180 F. Supp. 2d at 1183 ("When a removing party presents evidence that establishes a claim of fraudulent joinder, however, the Court has no authority to grant a motion to remand based on the possibility that future discovery may reveal a factual basis to dispute the unchallenged evidence of record.") (citing *Badon v. R J R Nabisco, Inc.,* 224 F.3d 382, 393-94 (5th Cir. 2000)).

28.   All of plaintiff's warning-based claims against the Wilbur-Ellis defendants also are not viable as a matter of law, because under California law a distributor cannot be held liable for warnings-based claims that are premised on risks that are entirely unknown. *See, e.g., Johnson v. Am. Standard, Inc.*, 179 P.3d 905, 910 (Cal. 2008) (explaining that even the heightened standard of strict liability requires that warnings be given only for "known or reasonably scientifically knowable risks"); *Carlin v. Superior Court*, 920 P.2d 1347, 1350-51 (Cal. 1996) (California courts specifically require "knowledge, actual or constructive, of potential risk or danger before imposing strict liability for a failure to warn."). Mr. Hushbeck's declaration establishes that Wilbur-Ellis had no such knowledge. *See* Hushbeck Decl. ¶ 7. Plaintiff makes no specific factual allegations regarding how the Wilbur-Ellis defendants should have had constructive knowledge of the alleged risk of cancer from glyphosate exposure.

29. All of plaintiff's claims against Steven Gould fail as a matter of law. It is well settled under California law that sales representative employees are not proper defendants in products liability suits against their employers. *See Altman v. HO Sports Co.*, No. 1:09-cv-1000, 2009 WL 2590425, at *3 (E.D. Cal. Aug. 20, 2009) (finding sales representative fraudulently joined, because such employees "do[] not fit into the category of defendants that are held liable for products liability, rather he is simply a salesman in the employ of [defendant]," and that therefore the complaint's failure was "obvious according to the settled rules of [California]") (citing cases) (quotation marks omitted); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1153-55 (N.D. Cal. 2009) (finding sales representative was fraudulently joined where declaration established she did not market the drug at issue to plaintiff's physician and relied on safety information provided by her employer); *DaCosta*, 2002 WL 31957424, at *10 (employee sales representative had no duty to warn of unknown risks); *Legg*, 428 F.3d at 1321, 1324-25 (finding sales representative who marketed product at issue based on information provided by the employer could not be personally liable for the alleged wrongful actions of the employer absent evidence that she knew or should have known of the alleged dangers).

30. Wilbur-Ellis Feed, LLC did not even exist when Mr. Johnson alleges he developed cancer, further establishing its fraudulent joinder. *See* Hushbeck Decl. ¶ 4; *York*, 2016 WL 738419, at *4-6 (finding fraudulent joinder where non-diverse defendant did not exist as a corporate entity at the time the product allegedly causing injury was manufactured).

### THE OTHER PREREQUISITES FOR REMOVAL ARE SATISFIED

31. This Notice is being filed within 30 days after service of the initial pleading on Monsanto, as required by 28 U.S.C.A. § 1446(b) (West 2015). *See, e.g.*, *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354 (1999); *Quality*

- 8 -
MONSANTO COMPANY'S NOTICE OF REMOVAL

*Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011).

32. The Superior Court of California, San Francisco County, is located within the Northern District of California, and, therefore, removal to this court satisfies the venue requirements of 28 U.S.C.A. § 1446(a) (West 2015).

33. Because Wilbur-Ellis Company LLC, Wilbur-Ellis Feed LLC, and Steven Gould were fraudulently joined in this action, Monsanto was not required to seek their consent to removal. *E.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). If required, however, all defendants consent to removal.

34. Steven Gould has not been properly served in this action. *See* Gould Decl. at ¶ 3; Cal. Civ. Proc. Code § 415.20 (West 2016).

35. A copy of the written notice required by 28 U.S.C.A § 1446(d) (West 2015) is attached as Exhibit 5 and is being filed in the Superior Court of California, San Francisco County, and served on plaintiff.

36. No proceedings have occurred in state court beyond service of the complaint on Monsanto and Wilbur-Ellis.

If any question arises as to the propriety of this removal, Monsanto respectfully requests the opportunity to present briefing and oral argument.

| | | |
|---|---|---|
| 1 | DATED:  March 14, 2016 | Respectfully submitted, |
| 2 | | |
| 3 | Joe G. Hollingsworth (*pro hac vice* application forthcoming) | /s/ Richard A. Clark<br>Richard A. Clark<br>State Bar No. 39558 |
| 4 | (jhollingsworth@hollingsworthllp.com)<br>Katharine R. Latimer (*pro hac vice* | (rclark@pmcos.com)<br>Steven R. Platt |
| 5 | application forthcoming)<br>(klatimer@hollingsworthllp.com) | State Bar No. 245510<br>(splatt@pmcos.com) |
| 6 | Eric G. Lasker (*pro hac vice* application forthcoming) | PARKER, MILLIKEN, CLARK, O'HARA & SAMUELIAN. P.C. |
| 7 | (elasker@hollingsworthllp.com) | 555 S. Flower Street, 30th Floor |
| 8 | HOLLINGSWORTH LLP<br>1350 I Street, N.W. | Los Angeles, CA 90071<br>Telephone: (213) 683-6500 |
| 9 | Washington, DC  20005<br>Telephone:  (202) 898-5800 | Facsimile:  (213) 683-6669 |
| 10 | Facsimile:  (202) 682-1639 | |
| 11 | | Attorneys for Defendant<br>MONSANTO COMPANY |

- 10 -
MONSANTO COMPANY'S NOTICE OF REMOVAL

# PROOF OF SERVICE

<u>Johnson v. Monsanto Company</u>

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, 30th Floor, Los Angeles, California 90071.

On March 14, 2016, I served the document listed below on the persons identified on the attached service list:

MONSANTO COMPANY'S NOTICE OF REMOVAL

☒ (BY MAIL) By placing a true copy in envelope(s) addressed as referenced on ATTACHED SERVICE LIST. The envelope(s) were then sealed and deposited for collection and mailing in accordance with my employer's normal procedures. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service, with all postage prepaid, at Los Angeles, California, on the same day in the ordinary course of business.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 14, 2016 at Los Angeles, California.

Eric Rondeau

- 1 -
PROOF OF SERVICE

Service List

<u>Johnson v. Monsanto Company</u>

Curtis G. Hoke
The Miller Firm, LLC
108 Railroad Ave
Orange, VA 22960

Attorneys for Plaintiff
DEWAYNE JOHNSON