IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MONSANTO COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-01244-MMC<br><br>**ORDER GRANTING MOTION TO REMAND; VACATING HEARING**<br><br>Re: Dkt. Nos. 31, 44 |

Before the Court is plaintiff Dewayne Johnson's Motion to Remand, filed March 30, 2016, pursuant to 28 U.S.C. § 1447(c). Defendant Monsanto Company ("Monsanto") has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion,[1] the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for May 6, 2016, and rules as follows.

## BACKGROUND

In his complaint, filed in state court on January 28, 2016, plaintiff alleges that defendant Monsanto markets the herbicide glyphosate under the brand name Roundup. (See Compl. ¶ 1.) According to plaintiff, Roundup is "manufactured, designed, and labeled in an unsafe, defective, and inherently dangerous manner" (see Compl. ¶ 79), as it "pose[s] a grave risk of cancer and other serious illnesses when used in a reasonably

---

[1] On April 19, 2016, Monsanto filed a motion for leave to file a sur-reply. Although the Court questions whether the citation to new case authority in a reply, as opposed to the proffer of a new theory or evidence, constitutes good cause for the filing of such additional opposition, the Court hereby GRANTS Monsanto's motion, and has considered its sur-reply.

1  anticipated manner" (see Compl. ¶ 84.b).  Plaintiff further alleges that defendant Steven
2  Gould, an employee of Monsanto, is "responsible for sales and marketing to distributors
3  and users of Roundup and other glyphosate-containing products in California" (see
4  Compl. ¶ 73), and that defendants Wilbur-Ellis Company ("Wilbur-Ellis Co.") and Wilbur-
5  Ellis Feed LLC ("Wilbur-Ellis Feed") sell and distribute Roundup in California (see Compl.
6  ¶¶ 16, 17).
7  Plaintiff alleges that, during his employment with the Benicia Unified School
8  District, "his responsibilities included direct application of Roundup and RangerPro,
9  another Monsanto glyphosate product, to school properties" (see Compl. ¶ 74), and that,
10 in 2014 when he was 42 years of age, he was "diagnosed with non-Hodgkin lymphoma"
11 (see Compl. ¶ 75).  Plaintiff further alleges that his illness is the "direct and proximate
12 result of [d]efendants placing defective Roundup products into the stream of commerce."
13 (See Compl. ¶ 94.)  Based on the above-cited allegations, plaintiff asserts against
14 Monsanto, Gould, Wilbur-Ellis Co. and Wilbur-Ellis Feed the following five claims for
15 relief, each arising under state law: "Strict Liability (Design Defect)"; "Strict Liability
16 (Failure to Warn)"; "Negligence"; "Breach of Implied Warranties"; and "Punitive
17 Damages."
18 On March 14, 2016, Monsanto removed the above-titled action to the district court
19 on grounds of diversity jurisdiction, alleging in its Notice of Removal that (1) plaintiff
20 seeks damages in excess of $75,000 (see Notice of Removal ¶ 5), (2) plaintiff, a citizen
21 of California, and Monsanto, a citizen of Delaware and Missouri, are citizens of differing
22 states (see id. ¶¶ 6-8), and (3) although defendants Gould, Wilbur-Ellis Co. and Wilbur-
23 Ellis Feed are citizens of California (see id. ¶¶ 12-14), said three defendants are
24 "fraudulently joined" (see id. ¶ 11).

**DISCUSSION**

26 Plaintiff seeks remand on the ground that diversity of citizenship does not exist.
27 Specifically, plaintiff argues that Monsanto has failed to show Gould, Wilbur-Ellis Co. and
28 Wilbur-Ellis Feed are fraudulently joined as defendants.

2

1  A district court has diversity jurisdiction where an action is between citizens of different states and the amount in controversy exceeds the sum of $75,000. See 28 U.S.C. § 1332(a). As noted above, Monsanto acknowledges that each defendant other than itself is a citizen of California, as is plaintiff, but contends the citizenship of each defendant other than itself should be disregarded. As discussed below, the Court finds Monsanto has failed to show Wilbur-Ellis Co. has been fraudulently joined.

"Fraudulent joinder is a term of art." See McCabe v. General Foods Corp., 811 F. 2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." See id. In seeking to establish a non-diverse defendant has been fraudulently joined, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent." See id. Thus, in determining whether a defendant has been fraudulently joined, the district court may look beyond the pleadings and consider evidence submitted by the parties. See Morris v. Princess Cruises, Inc., 236 F. 3d 1061, 1068 (9th Cir. 2001) (holding "fraudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits") (internal quotation and citation omitted). The burden is on the removing defendant to prove "by clear and convincing evidence" that the plaintiff cannot prevail against the non-diverse defendant. See Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F. 3d 1203, 1206 (9th Cir. 2007) (holding removing defendant's burden is to show it is "not possible" for plaintiff to prevail against non-diverse defendant).

In its Notice of Removal, Monsanto initially argues that Wilbur-Ellis Co. has been fraudulently joined, for the asserted reason that the complaint lacks "specific factual allegations of liability" on the part of Wilbur-Ellis Co. (See Notice of Removal ¶ 16.)[2] The Court is not persuaded. As noted, plaintiff alleges Roundup is a defective product due to

---

[2] In its opposition to the motion to remand, Monsanto does not, in any detail, address this argument.

3

the presence therein of glyphosate (see Compl. ¶¶ 22, 56-62, 64, 81-82); plaintiff further alleges Wilbur-Ellis was "one of the distributors providing Roundup and other glyphosate-containing products actually used by [p]laintiff" (see Compl. ¶ 71).  Under California law, an entity that places a "defective product into the stream of commerce" can be held strictly liable for injuries caused by that product.  See Bell v. Industrial Vangas, Inc., 30 Cal. 3d 268, 271 n.1, 279 (1981).  To the extent Monsanto is contending plaintiff's allegations as to the nature of the defect or Wilbur-Ellis Co.'s role as a distributor are not sufficiently detailed, such argument is unavailing, as Monsanto has not shown the state court would preclude amendment.  See Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 & n.4 (9th Cir. 1944) (holding "[a] merely defective statement of the plaintiff's action does not warrant removal"; explaining, "[t]he plaintiff's right to retain the action in state court should not be defeated by a mere failure, through inadvertence or want of skill, perfectly to state the facts constituting the cause of action"); see also, e.g., Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (holding, where removing defendant bases fraudulent joinder argument on pleading deficiency, "[r]emand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency") (internal quotation, citation, and alteration omitted).

        Monsanto also relies on a declaration by Scott M. Hushbeck ("Hushbeck"), a Vice-President of Wilbur-Ellis Co., which declaration, Monsanto argues, "contradicts the [c]omplaint."  (See Monsanto's Opp. to Pl.'s Mot. to Remand at 1:11.)  In his declaration, Hushbeck states that Wilbur-Ellis Co. "has not sold Roundup, RangerPro, or any other glyphosate-containing products to the Benicia Unified School District (CA) or the City of Benicia (CA)" (see Hushbeck Decl. ¶ 5),[3] and that, "[p]rior to 2015, Wilbur-Ellis [Co.] did not have any knowledge of any potential risk of cancer, including non-Hodgkin lymphoma, from Roundup, RangerPro, or any other glyphosate-containing products" (see

---

[3] The Hushbeck Declaration is attached as Exhibit 3 to the Notice of Removal.

id. ¶ 7). Assuming the truth of the statements made therein, Hushbeck's declaration nonetheless is insufficient to support a finding of fraudulent joinder. In particular, Monsanto has not thereby shown plaintiff's inability to establish, as against Wilbur-Ellis Co., a claim for strict products liability. See, e.g., Hamilton Materials, 494 F.3d at 1206 (requiring defendant to show, "by clear and convincing evidence," it is "not possible" for plaintiff to prevail against non-diverse defendant). First, nothing in the declaration forecloses plaintiff from establishing his employer purchased Roundup from a retailer or other provider which, in turn, had obtained Roundup from Wilbur-Ellis Co. Second, Wilbur-Ellis Co.'s asserted lack of knowledge of the defect at the time plaintiff used Roundup does not foreclose a claim of strict liability based on a theory of design defect, as knowledge of the alleged defect is not an element of such claim. See Brown v. Superior Court, 44 Cal. 3d 1049, 1056-57 (1988) (explaining that strict liability "focuses not on the conduct of the [defendant] but on the product itself, and holds the [defendant] liable if the product was defective" and the product "proximately caused injury").[4]

Accordingly, as Monsanto has not shown Wilbur-Ellis Co. is fraudulently joined as a defendant,[5] the Court lacks diversity jurisdiction over the above-titled action, and the motion to remand will be granted.[6]

---

[4] Monsanto's assertion that "[f]ailure to warn is plaintiff's sole theory against Wilbur-Ellis [Co.]" (see Def.s' Opp. at 14:21) is not supported by the record. Rather, the complaint also alleges a strict liability claim based on a theory of design defect and asserts such claim against all defendants. (See Compl. ¶ 77.) In any event, even if the claims against Wilbur-Ellis Co. were wholly based on a theory of failure to warn, Wilbur-Ellis Co.'s asserted lack of knowledge of the defect would not foreclose the claims, as a defendant can be held strictly liable for failing to warn of risks "scientifically knowable at the time of distribution," see Carlin v. Superior Court, 13 Cal. 4th 1104, 1111 (1996) (internal quotation and citation omitted), and there is no showing that plaintiff would be foreclosed from establishing the risk posed by glyphosate was scientifically knowable at such time.

[5] Given this finding, the Court does not consider herein Monsanto's assertion that Gould and Wilbur-Ellis Feed are fraudulently joined, as, even assuming they are so joined, the presence of Wilbur-Ellis Co. nonetheless destroys diversity.

[6] In light thereof, defendants' motions to dismiss, filed March 21, 2016, and Monsanto's motion to transfer, filed March 31, 2016, are hereby DENIED without prejudice to refiling in state court.

Lastly, in his motion, plaintiff requests that, if the action is remanded, he be awarded his fees and costs incurred in seeking remand. A district court has "wide discretion" in deciding whether to award attorney fees and costs under § 1447(c). See Moore v. Permanente Medical Group, 981 F. 2d 443, 447 (9th Cir. 1992). Here, although the Court has found Monsanto failed to establish the Court's jurisdiction over plaintiff's complaint, the Court is not persuaded that an award of fees and costs is warranted. Indeed, plaintiff has not set forth, either in his motion or his reply, any reason why an award of fees and costs is appropriate in this instance.

Accordingly, plaintiff's request for an award of fees and costs will be denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion to remand is hereby GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: May 2, 2016

MAXINE M. CHESNEY
United States District Judge